ARNOLD, Circuit Judge,
dissenting.
The contract which the plaintiff claims was broken was for sale of a part of an aircraft engine. It was agreed that delivery would be made in Arkansas. One of defendant’s employees came to Arkansas for this purpose. He attempted to make delivery, but a dispute arose over the identity of the property agreed upon, and so none of the engine was left with the plaintiff in Arkansas.
I cannot understand why defendant’s activity in Arkansas was not “purposeful.” It is true that Turbines’ employee would have come through Arkansas anyway, but he would not have gone to Marion. The side trip to Marion, which can hardly be called accidental, was for the purpose of carrying out the contract that the parties had previously made. Surely the place of delivery is a material term of the contract, placing the expense of delivery on the seller, and not a mere courtesy. It is true that the contact with Arkansas was on a single, isolated occasion, but the contract in suit was for a single piece of property.
The Court holds, in the alternative, that even if Turbines did engage in purposeful activity within the state of Arkansas, this activity was not sufficiently substantial to meet the requirements of due process. I respectfully disagree. Arkansas was the agreed place of performance, and it is also the place where the alleged breach occurred. In Gardner Engineering and Mid-America, Inc., both of which are cited in the Court’s opinion, jurisdiction was upheld even though performance, which the parties had agreed would take place within the forum state, never actually occurred. Here, performance was at least attempted by the defendant. It is true, as the Court says, that the contracts involved in Gardner Engineering (delivery of specially designed machinery) and Mid-America (construction of a plant) were more substantial, in absolute dollar terms and in duration, than the contract involved here, but surely the application of the Due Process Clause does not depend upon the size or duration of the dealings between the parties. If a contract is for the sale of a single piece of property only, if it is to be performed in the forum state, and if the alleged breach occurred there, I can see nothing unfair in subjecting the allegedly defaulting seller to suit there. The alternative, I suppose, is that the plaintiff must go to Indiana and sue Turbines in its home state, but this is no less unfair to the plaintiff, and perhaps more so, than subjecting the defendant to suit in Arkansas.
For these reasons, I respectfully dissent.